JOHN CLARK and another v. SAMUEL DOWNING.

Where one of two owners of a claim, made to the other, a written assignment of his interest therein, the only consideration being one dollar, which was not paid; it was *held*, that the transfer was valid and formed a good defence to a joint suit by both to recover the claim, the New York code of procedure having limited the right of action to the party in interest.

*It seems*, that one party would acquire the sole interest and right of action, by a mere gift of the interest of the other, without any consideration.

APPEAL from the marine court, where the plaintiffs obtained judgment. The facts are given in the opinion.

*Thomas S. Henry* and *H. P. Townsend*, for the appellant.

*John H. McCunn*, for the respondents.

BY THE COURT. INGRAHAM, FIRST J.—Clark, one of the plaintiffs, assigned his interest in the claim on which this action is founded, to Voris, his partner, and thereupon Voris brought an action against Downing in his individual name. On the trial of that cause, the defendant proved by Clark that the consideration named in the assignment, which was in writing, was $1, and that such consideration had never been paid to him; and therefore the justice, before whom the same was tried, gave judgment for the defendant, upon the ground that the assignment was void for want of a consideration actually paid, and that the suit should have been in the name of both partners. The present action was afterwards brought in

Clark v. Downing.

the joint name of Clark and Voris, and the defendant sets up the former suit as a bar, and also the assignment in the former suit, to show that Clark has no interest in this claim.

The justice submitted the question to the jury, who found a verdict for the plaintiffs. The finding is consistent with equity, and should be sustained, if not clearly erroneous. It appears to me, however, that the justice erred both in refusing to charge as requested, and in submitting to the jury that the assignment was void if the consideration was not paid. It is evident that the jury may have been misled by such a ruling.

The first cause was erroneously decided for the defendant. It was a matter of no moment whether the consideration was paid or not. Clark could have given to Voris his interest in the claim, and the defendant had no right to object. And if he chose to give him the consideration agreed upon between them, what right had the defendant to object to the non-payment of it?

And in this case, when the justice refused to charge the jury that the assignment was valid between the parties, even if the consideration was not paid, he erred as well as in charging the jury that if the assignment was invalid for want of a consideration paid, then the plaintiffs would be entitled to recover.

The jury also found against the clear weight of evidence, when in opposition to an assignment executed by Clark to Voris, admitted in evidence by consent, they found that Clark still had an interest in the claim.

It is a matter of regret that this judgment cannot be sustained. The first decision should have been appealed from. The neglect to do so, I fear, has left the plaintiff, Voris, without remedy.

The points raised as to the admission of the evidence became immaterial, because, upon the other points, the judgment must be reversed.

Judgment reversed.